PEOPLE *v.* WITTERSHEIM.

1. CRIMINAL LAW—EVIDENCE—APPEAL AND ERROR.
   Alleged error in admission of evidence will not be considered, on review, unless objection be made at trial.

2. SAME—RAPE—ADMISSIBILITY OF CLOTHING WORN BY PROSECUTRIX.
   In prosecution for rape, clothing worn by prosecutrix at time of alleged offense is admissible in evidence.

3. SAME—TESTIMONY OF DOCTOR ADMISSIBLE WHERE DEFENDANT VOLUNTARILY PERMITTED EXAMINATION.
   Testimony of physician as to bruises on shoulder of defendant charged with rape was admissible, where defendant voluntarily permitted examination of his shoulder.

Error to Wayne; Webster (Arthur), J. Submitted October 16, 1930. (Docket No. 150, Calendar No. 34,835.) Decided December 2, 1930.

Roy Wittersheim was convicted of rape. Affirmed.

*Roy G. Lord,* for appellant.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *Lloyd A. Loomis,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendant seeks review by writ of error of his conviction and sentence on a charge of rape of a female above the age of 16 years.

Error is assigned upon the admission in evidence of the clothing which the prosecutrix testified she had worn at the time of the assault, and the admission of the testimony of a doctor that defendant had bruises on his shoulder at the time of his arrest, which occurred a few days later. This evidence was received without objection. We might well rest decision upon the general rule, so often stated by this court, that such alleged errors will not be considered unless objection be made at the trial. *People* v. *Bark,* 251 Mich. 228. The clothing, however, was clearly admissible, and it appears that the defendant voluntarily permitted the doctor to examine his shoulder. *People* v. *Collins,* 223 Mich. 303; *People* v. *Corder,* 244 Mich. 274.

The other errors assigned have received consideration, but do not merit discussion.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.